**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ANTONIO COSBY, #43482-177** § | | |
| Petitioner/Movant, § | | |
| § | | |
| v. § | | **3:13-CV-04611-D-BK** |
| § | | **(3:11-CR-00081-D-1)** |
| **UNITED STATES OF AMERICA,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which was automatically referred to the magistrate judge. *See* 28 U.S.C. 636(b) and Special Order 3. For the reasons that follow, it is recommended that the motion be denied.

**I. BACKGROUND**

Pursuant to a plea agreement that included a waiver of his right to appeal, Petitioner pled guilty to one count of conspiracy to possess with intent to distribute a controlled substance [Crim. Doc. 104], and was sentenced to 235 months' imprisonment and a 5-year term of supervised release. *See Cosby v. United States*, No. 3:11-CR-0081-D-1 (N.D. Tex. Apr. 9, 2012); *Crosby. v. United States,* No. 12-10433 (5th Cir. Oct. 12, 2012) (granting government's motion to dismiss appeal in light of appellate waiver). Petitioner then filed this timely section 2255 motion. [Doc. 2 at 1]. Liberally construing his pleadings, it appears that Petitioner asserts: (1) counsel induced Petitioner to plead guilty by promising a sentence of 120 months; (2) the appeal waiver was not knowing and voluntary, and (3) Petitioner was denied the effective assistance of counsel during the guilty plea and sentencing proceedings and on direct appeal.

[Doc. 6 at 7-11].  The government argues the section 2255 motion lacks merit, and Petitioner has filed a reply.  [Doc. 9; Doc. 13].

## II. ANALYSIS

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence:  (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir.1996).  Following conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted.  *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992).  Under section 2255 a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds.  *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

The United States Constitution's Sixth Amendment guarantees an accused the right to the assistance of counsel for his defense in all criminal prosecutions.  U.S. Const. Amend. VI.  To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984).  To prove the deficient performance prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment.  *Id.* at 687.   The proper measure

of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. *See also Wiggins v. Smith,* 539 U.S. 510, 521 (2003) ("counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary). Failure to establish either deficient performance or prejudice defeats the claim. *Strickland,* 466 U.S. at 697.

"Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In addition, in the context of a guilty plea, the petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

### Voluntariness of Appellate Rights Waiver, Guilty Plea and Ineffective Assistance of Counsel

Petitioner asserts his guilty plea and appeal waiver were not knowing and voluntary due to counsel's ineffective assistance during the guilty plea proceedings. [Doc. 6 at 2, 13]. He contends that he did not know that he was waiving his right to appeal the Court's guideline calculation. [Doc. 6 at 3-4]. He also claims counsel mistakenly advised him "that he could automatically appeal his sentence." [Doc. 6 at 2]. Moreover, Petitioner maintains counsel induced him into pleading guilty and signing the waiver of his right to appeal by promising him a guideline range of 135-168 months and a sentence of 120 months or less. [Doc. 6 at 2-3, 8-10, 12-13]. Petitioner requests an evidentiary hearing. [Doc. 6 at 12-13].

A guilty plea must be knowingly, voluntarily, and intelligently made to be constitutionally valid. *United States v. Hernandez,* 234 F.3d 252, 254 (5th Cir. 2000). In determining the voluntariness of a plea, the court considers all relevant circumstances, including

whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *United States v. Washington,* 480 F.3d 309, 315 (5th Cir. 2007). In the case now before the Court, the only conclusion supported by the record is that Petitioner's appellate waiver[1] and guilty plea were knowing and voluntary.

During the Rule 11 hearing, Petitioner confirmed under oath that no one had coerced or threatened him in any way to enter his guilty plea, that no one had made any promises to cause him to enter into the plea agreement, and that he was pleading guilty freely and voluntarily because he was guilty. [Crim. Doc. 157 at 10-11]. Petitioner conceded that he was satisfied with defense counsel's representation and advice. [Crim. Doc. 157 at 9.] He assured the Court that no one had made any predictions or promises about the sentence. [Crim. Doc. 157 at 15]. He also confirmed that he understood only the Court would determine and assess the sentence after considering the Presentence Report (PSR) and consulting the Sentencing Guidelines, and that he would be bound by his plea even if the sentence was higher than expected. [Crim. Doc. 157 at 15-16]. Although Petitioner now contends otherwise, a defendant ordinarily may not refute his sworn testimony given at a plea hearing while under oath. *Cervantes,* 132 F.3d at 1110. Declarations made under oath in open court carry a strong presumption of truth, forming a formidable barrier to relief in any subsequent collateral proceedings. *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977).

---

[1] The appellate court implicitly determined the validity of Petitioner's waiver of appeal in its dismissal of his direct appeal on that basis. [Crim. Doc. 164]. Thus, this Court need not reconsider that issue in this section 2255 motion. *United States v. Segler,* 37 F.3d 1131, 1134 (5th Cir. 1994) (grounds that have been raised and disposed of on direct appeal are not considered in a section 2255 motion). Nevertheless, as recounted here, the record clearly shows Petitioner's waiver of appeal was knowing and voluntary.

Moreover, a defendant must overcome the presumption of regularity and "great evidentiary weight" accorded court records.  United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994).  In this case, Petitioner signed the factual resume and plea agreement.  And during re-arraignment, he affirmed that he had carefully reviewed and discussed the plea agreement, including the appellate waiver, with defense counsel.  [Crim. Doc. 157 at 9-10, 17-18].  *See* Abreo, 30 F.3d at 32 (holding that signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether plea is entered voluntarily and knowingly).  He averred that he understood and acquiesced in the appeal waiver, which waived both his right of appeal and of post-conviction relief, except in very limited circumstances; further, he specifically acknowledged his right to appeal his sentence, that he was giving up that right, and the consequences of doing so.  [Crim. Doc. 157 at 17-18]; United States v. Higgins, 739 F.3d 733, 736 (5th Cir. 2014), *cert. denied*, 134 S. Ct. 2319 (2014) (holding that the petitioner was bound by the obligations of his plea agreement because he knowingly and voluntarily waived his right to appeal).  Petitioner further advised the Court that he had reviewed the factual resume and understood it, and that the facts contained therein were true and correct.  [Crim. Doc. 157 at 22-23].  Finally, while Petitioner had about six months between the entry of his guilty plea and sentencing, he never advised the Court that his guilty plea was involuntary and coerced by counsel's promises, and/or that he was dissatisfied with defense counsel's conduct.

Petitioner's claim that his guilty plea was not voluntary because it was based on counsel's promise of a specific guideline range and sentence also lacks support.  To be sure, a "facially valid guilty plea may nonetheless be found to be invalid if it was induced by the defendant's attorney's unkept promises."  United States v. Curtis, No. 06-17-C, 2010 WL 610680, at *7 (M.D. La. Feb. 19, 2010) (citing Harmason v. Smith, 888 F.2d 1527 (5th Cir.1989)).  To obtain

habeas relief on the basis of alleged promises, however, the defendant is required to establish "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." United States v. Cerantes, 132 F.3d 1106, 1110 (5th Cir.1998); *see also* Curtis, 2010 WL 610680, at *8 (holding that defendant's guilty plea was still valid when he provided unsworn statements that provided no information about his attorney's alleged promises).

Here, Petitioner's statement that his plea was based on counsel's promise (that his federal sentence would be less than 120 months and that he could appeal his sentence) are unsworn and provide no information as to where and when counsel made such promises. (Doc. 2 at 4-5). Moreover, his assertion is contradicted by his aforementioned sworn assurances to the Court at the time of his guilty plea that no one had made any promises to cause him to enter into the plea agreement, Crim. Doc. 157 at 10-11, and no one had made any predictions or promises about the sentence he would receive, Crim. Doc. 157 at 15.

In light of the foregoing, the undersigned concludes that Petitioner's guilty plea was knowing and voluntary, and that Petitioner understood fully that he was waiving his right to appeal and seek collateral relief under section 2255 as part of his plea agreement with the government.  Moreover, Petitioner's contention that counsel rendered ineffective assistance during the guilty plea proceedings are also clearly refuted by the record.  *See* Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000) (citing Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983)) (conclusory claims of ineffective assistance of counsel do not raise constitutional issue in habeas proceeding).

**Ineffective Assistance of Counsel at Sentencing**

Next, Petitioner asserts counsel rendered ineffective assistance at sentencing by failing to provide the court with "the crucial evidence that showed . . . [he] was not a career offender" under United States Sentencing Guidelines §§ 4B1.1 and 4B1.2. [Doc. 6 at 7]. He claims counsel did not provide the relevant statutes and state court documents, did not properly dispute the Presentence Report (PSR), and "failed to present to the court the factual evidence and precedence, to establish that the Court's decisions to assess . . . [the] career offender" enhancement was "gross error." [Doc. 6 at 6, 8-9, 10]. Specifically, he maintains that his prior deferred adjudication for injury to a child was neither a conviction nor a crime of violence, and his drug trafficking conviction did not constitute a "controlled substance offense." [Doc. 6 at 10, 14-19, 20-22].

The record belies Petitioner's assertions that defense counsel failed to offer any evidence or legal authority regarding his designation as a career offender. Counsel filed extensive objections to the PSR and Addendum to the PSR specifically challenging the career-offender designation. [Crim. Doc. 135; Crim. Doc. 140]. He argued that Petitioner did not meet the requirements for career-offender status, raising the same arguments regarding his injury-to-a-child deferred adjudication that Petitioner presents in his section 2255 pleadings. [Crim. Doc. 135 at 9-13]. Then, at sentencing, counsel renewed the career-offender objection, summarizing the most important arguments for the Court. [Crim. Doc. 156 at 6-7, 9-11].

The Court rejected counsel's objection, concluding Petitioner met the criteria for career-offender designation. [Crim. Doc. 156 at 13-14]. As the government correctly notes, counsel's representation was not ineffective merely because he was unsuccessful in his efforts to object to the career-offender designation, especially in light of the facts and case law. [Doc. 9 at 13-14].

Prior Injury to a Child Conviction

Contrary to Petitioner's assertions in this case, counsel argued in detail that Petitioner was never convicted of injury to a child because he was not adjudicated guilty of any crime, since he was sentenced to deferred adjudication probation and the charge was subsequently dismissed after he was discharged from community supervision. [Doc. 6 at 10, 17; Crim. Doc. 135 at 9]. Nevertheless, as the Court concluded at sentencing, deferred adjudication counts as a conviction under the career-offender guidelines. *See* United States v. Daniels, 588 F.3d 835, 836-838 (5th Cir. 2009) (an offense resolved via deferred adjudication counts toward a defendant's status as a career offender under USSG § 4B1.1 where the defendant pled guilty to the offense, even though the deferred adjudication was later dismissed as matter of course and for reasons having nothing to do with innocence or errors of law). Because there was no evidence that the deferred adjudication order was set aside because of his innocence or some error of law, the offense was properly counted towards petitioner's status as a career offender. *Id.* at 838.

Moreover, the additional arguments Petitioner faults counsel for failing to properly advance at sentencing all lack merit. *See* United States v. Nieto, 721 F.3d 357, 372 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 973 (2014) (recently concluding that injury to a child is a crime of violence under the residual clause because the underlying statute requires an intentional and knowing act causing bodily injury to a child and, thus, describes an offense which involves conduct that presents serious potential risk of injury to another); United States v. Fazande, 487 F.3d 307, 308-309 (5th Cir. 2007) (rejecting "the argument that the Full Faith and Credit Act prohibit[s] the district court from considering [the defendant's] Texas deferred adjudication for sentencing purposes").

Prior Possession with Intent to Deliver Conviction

Next, Petitioner asserts counsel was ineffective in failing to investigate and argue that his Texas conviction for unlawful possession with intent to deliver a controlled substance, in Case No. F89-76615, did not qualify as a "controlled substance offense" for purposes of the career-offender guideline. [Doc. 6 at 20]. Counsel, however, was not required to make a meritless objection. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness."). Indeed, defense counsel had no basis to challenge whether Petitioner's prior drug conviction constituted a "controlled substance offense" as defined by the career-offender guideline.[2]

Petitioner's assertion that he pled guilty to a delivery charge, not possession with intent to deliver a controlled substance, is refuted by the record and attachments to his section 2255 brief, which include copies of the indictment, judicial confession, plea agreement, and judgment. [Doc. 6 at 20, 31-41]. Relying on the indictment, the PSR properly concluded that Petitioner knowingly and intentionally possessed with intent to deliver less than 28 grams of cocaine. [Crim. Doc. 130 at 10; Doc. 6 at 41]. Petitioner also judicially confessed that he was guilty of "possession of a controlled substance, to wit cocaine less than 28 grams, with intent to deliver." [Doc. 6 at 39]. Moreover, a conviction for possession with intent to deliver a controlled substance under Texas Health and Safety Code § 481.112(a) [the same provision under which Petitioner was convicted] was the equivalent of a "controlled substance offense" under USSG § 4B1.2(b). *United States v. Ford*, 509 F.3d 714, 715 (5th Cir. 2007) (concluding that "it [was]

---

[2] At sentencing, Defense counsel conceded that he was not challenging the career offender designation based on the drug trafficking offense. [Crim. Doc. 156 at 6].

pure sophistry to distinguish between the conduct of one who possesses drugs with intent to deliver those drugs and one who possesses drugs with intent to distribute them.").

In summary, Petitioner has not demonstrated that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Defense counsel's arguments at sentencing were reasonable when measured against prevailing professional norms and the case law then in effect. *Id.* at 688. Petitioner, thus, fails to rebut the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* at 689. Accordingly, Petitioner's claims of ineffective assistance of counsel at sentencing should be denied.

## Ineffective Assistance of Counsel on Appeal

Petitioner also asserts ineffective assistance of appellate counsel. [Doc. 6 at 4, 7-8]. His contentions, however, are conclusory. In essence, Petitioner seeks to re-urge the claims of ineffective assistance of counsel at the guilty plea and sentencing proceedings. Because those claims are meritless, as previously concluded herein, appellate counsel was not deficient in failing to challenge them on direct appeal. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise [on direct appeal] a legally meritless claim."). In addition, it is well established that the United States Court of Appeals for the Fifth Circuit generally does not review claims of ineffective assistance of trial counsel on direct appeal, and that such claims are more appropriately raised in a section 2255 proceeding. *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004). Therefore, Petitioner's claims of ineffective assistance of appellate counsel are meritless.

**Evidentiary Hearing Not Required**

Petitioner maintains that he is entitled to an evidentiary hearing to call witnesses and develop the claim that counsel induced him to plead guilty by promising a sentence of 120 months. [Doc. 6 at 12-13]. However, "[w]hen the files and records of a case make manifest the lack of merit of a section 2255 [motion], the trial court is not required to hold an evidentiary hearing." United States v. Hughes, 635 F.2d 449, 451 (5th Cir. 1981); *see also* Cervantes, 132 F.3d at 1111 (petitioner was not entitled to evidentiary hearing because he did not meet his burden of proof under section 2255). Accordingly, because Petitioner's claims lack merit, for the reasons stated above, no evidentiary hearing is required in this section 2255 proceeding.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the section 2255 motion be **DENIED**.

SIGNED August 18, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE